UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HANNAH WINCHESTER,

    Plaintiff,

v.                         Case No.:  6:20-cv-1225-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## **ORDER**

This cause is before the Court on Plaintiff Hannah Winchester's Unopposed

Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act

(Doc. 32) filed on November 30, 2021. Plaintiff requests that the Court enter an order

awarding attorney fees in the amount of $5,154.39, pursuant to the Equal Access to

Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons explained below, the

Court finds that Plaintiff's request is due to be **GRANTED**.

In order for Plaintiff to receive an award of fees under EAJA, the following

five conditions must be established: (1) Plaintiff must file a timely application for

attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at

the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-

tort suit involving the United States; (4) The position of the United States must not

have been substantially justified; and (5) There must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The Commissioner does not contest that the five conditions are met. Therefore, all of the conditions for EAJA fees have been satisfied.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). Plaintiff's counsel spent a total of 24.7 hours in EAJA related representation of Plaintiff before this Court. (Doc. 32-1). After reviewing the description of services provided, the Court determines that 24.7 hours is reasonable in this case.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex

litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff is requesting hourly rates of $202.00 for the year 2020 and $209.00 for the year 2021 for counsel in this case. (Doc. 32, p. 1). The Court finds that these rates are reasonable. Accordingly, the Court will award Plaintiff's attorney fees totaling $5,154.39.

Plaintiff filed an Affidavit and Assignment of EAJA fee (Doc. 32-4). Plaintiff asks, "that the EAJA award be made payable to Bradley K. Boyd and not to [her] as Plaintiff." (Doc. 32-4, p.1). Thus, the fees awarded should be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

Accordingly, **IT IS HEREBY ORDERED**:

(1)     Plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 32) is **GRANTED**.

(2)     Attorney fees totaling $5,154.39 are awarded to Plaintiff. The attorney fees may be paid directly to Plaintiff's counsel if the United States Department of the Treasury determines that Plaintiff owes no federal debt.

(3)     The Clerk of Court is directed to enter an amended judgment.

**DONE** and **ORDERED** in Fort Myers, Florida on December 2, 2021.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties